Margaret Kelley *vs.* Earl A. Ryder & another.

Suffolk. April 13, 14, 1931.—June 1, 1931.

Present: Rugg, C.J., Carroll, Wait, Sanderson, & Field, JJ.

*Contract*, What constitutes. *Option.*

In a suit in equity for specific performance of an alleged contract by the defendant to purchase real estate of the plaintiff, it appeared that on October 20 the plaintiff alone executed under seal an instrument entitled "Real Estate Option," whereby, in consideration of $150 paid by the defendant, he agreed to sell the real estate to the defendant for a certain price, and it further was provided that the option might be accepted within sixty days, but, if the defendant or his assigns "shall fail to accept this option, or shall after the acceptance of this option, fail to pay the" balance of the purchase price, he or his assigns should "forfeit any and all sums" paid to the plaintiff. On October 22, the defendant signed a statement following the plaintiff's signature on the above instrument, "It is understood that you are not to pay me any commission if this option is taken up and the purchase made." On December 14, the plaintiff executed a "memorandum" not under seal which was annexed to the instrument of October 20, and in substance provided: "The within option is hereby renewed for a period up to and including February 1, under the same terms and conditions as stated therein and on the further condition that" the plaintiff would cause a certain tenant to vacate the premises; that, if "tenant is out as stated," the defendant "will take conveyance of the property on February 1 . . . provided title is satisfactory. If tenant does not vacate by February 1 . . . the $150 referred to herein will be returned to" the defendant "and the option cancelled." The defendant did not sign the instrument dated December 14. The bill was dismissed. *Held*, that

(1) The instrument of October 20 was but an option to purchase the real estate and was not a contract on the part of the defendant to purchase and was not transformed into such a contract by the writing of October 22;

(2) The instrument of December 14 was not ambiguous;

(3) The instrument of December 14 was not intended by the parties to be an agreement to purchase and sell real estate, but was intended to be a renewal or extension of the option given by the plaintiff to the defendant.

(4) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on June 17, 1929, and described in the opinion.

The suit was heard by *Pinanski*, J.  Material facts found by him are stated in the opinion.  By his order there was entered a final decree dismissing the bill.  The plaintiff appealed.

*M. Greenman*, for the plaintiff.

*E. R. Sparrow*, for the defendants.

FIELD, J.  This is a suit in equity brought in the Superior Court to compel specific performance of an alleged contract to purchase a parcel of land and the buildings thereon in the city of Boston.  The trial judge filed "Findings, Rulings of the Court and Order for Decree."  A final decree dismissing the bill was entered, and the plaintiff appealed.  The evidence is not reported.

The bill was dismissed rightly for no contract on the part of either defendant to purchase the real estate in question was proved.

On or about October 20, 1928, the plaintiff executed an instrument under seal entitled "Real Estate Option," whereby, in consideration of $150 paid to her by "the party of the second part," the defendant Ryder, she agreed to sell and convey the real estate to the said defendant or his assigns for $6,000.  It was further provided that "This option may be accepted by the said party of the second part, or his assigns, within sixty (60) days from the date of this instrument, and said conveyance shall be made within five (5) days after such acceptance, by a quitclaim deed . . . conveying a clear title free from all incumbrances . . . ." upon "three (3) days' notice in writing" to the plaintiff "of the time and place where said conveyance shall be made and executed," and that if the defendant Ryder or his assigns "shall fail to accept this option, or shall after the acceptance of this option, fail to pay the said sum of fifty eight hundred and fifty ($5850) dollars the consideration stated above," according to the terms of the instrument, the defendant Ryder or his assigns shall "forfeit any and all sums" paid to the plaintiff.  On or about October 22, 1928, the defendant Ryder wrote after

the plaintiff's signature to this instrument the following: "Mrs. Margaret Kelley: It is understood that you are not to pay me any commission if this option is taken up and the purchase made. October 22, 1928. Earl A. Ryder." On or about December 14, 1928, the plaintiff executed an instrument not under seal, described in the record as a "memorandum," which was "annexed" to the instrument executed October 20, 1928, and was in the following terms: "December 14, 1928. The within option is hereby renewed for a period up to and including February 1, 1929, under the same terms and conditions as stated therein and on the further condition that said Margaret Kelley will cause the tenant Donald J. Ferguson to vacate the within premises on or before February 1, 1929. If tenant is out as stated, the said Earl A. Ryder will take conveyance of the property on February 1, 1929, provided title is satisfactory. If tenant does not vacate by February 1, 1929, the $150. referred to herein will be returned to Earl A. Ryder and the option cancelled. Margaret Kelley. Henry D. Kelley Witness." Neither of the defendants signed the instrument of October 20 or that of December 14. The defendant Ryder acted as agent for the defendant Boston Ice Company in his dealings with the plaintiff.

The trial judge ruled as matter of law that neither the instrument of October 20, 1928, nor that of December 14, 1928, was "an agreement to purchase and sell real estate," but that the former was "an option given by the plaintiff to the defendant Ryder, giving Ryder the right to elect to purchase the real estate described therein upon the terms and conditions therein stated," and the latter, "a renewal or extension of the option given by the plaintiff to the defendant Ryder." The judge found that the defendant Ryder did not in his own behalf or in behalf of the other defendant exercise his option under the instrument of October 20 or "the renewal or extension" thereof.

The instrument of October 20 was not a contract on the part of either defendant to purchase the real estate and was not transformed into such a contract by the writing of October 22. It was an option to purchase, that is, an

irrevocable offer by the plaintiff to the defendant Ryder to sell to him on the terms stated, conditional on acceptance within sixty days. See *O'Brien* v. *Boland*, 166 Mass. 481, 483; *Morgan* v. *Forbes*, 236 Mass. 480, 483. It would have expired December 19, 1928, if not accepted by that time or extended or renewed, and it was not accepted within that time unless by virtue of the memorandum of December 14.

The memorandum of December 14 must be interpreted as a whole and in connection with the instrument of October 20, to which it is annexed and refers. In terms that "option is . . . renewed for a period up to and including February 1, 1929, under the same terms and conditions as stated therein," with what is described as a "further condition" that the plaintiff "will cause the tenant . . . to vacate the . . . premises on or before February 1, 1929." These words of renewal are not ambiguous. They are wholly inapt if the memorandum was intended to embody an acceptance of the option, or an independent contract for the purchase of the property by the defendant Ryder, conditional upon compliance with conditions as to satisfactory title and the vacating of the premises by the tenant. Renewal — or extension — of an option is inconsistent with acceptance thereof or with an independent contract of purchase. The words cannot be disregarded or explained away as amounting merely to an erroneous description of the writing (compare *Gompert* v. *Frost*, 188 Iowa, 1039, 1042) for they are of the substance of the plaintiff's promise. They must be given their natural meaning unless the context indicates that they were used in some other sense. We think that it does not. To control the meaning of these words the plaintiff relies upon the provision that "If tenant is out as stated, the said Earl A. Ryder will take conveyance of the property on February 1, 1929, provided title is satisfactory." She contends that this provision is a promise by the defendant Ryder to purchase the property — doubtless implied from his acceptance of the memorandum. But the memorandum is signed only by the plaintiff and purports to contain only her promise and the conditions thereof. The words relied upon may be construed properly as modi-

fying the "terms and conditions" of the option, which are expressly continued in force during the renewal period, rather than as amounting to a promise by the defendant Ryder. It was a term or condition of the instrument of October 20 that if the option was not accepted by December 19, or if the defendant Ryder or his assigns failed to pay the purchase price at the time and place agreed upon, he or his assigns were to forfeit payments already made. A natural construction of the sentence under consideration is that the plaintiff granted the renewal or extension of the option on the condition that if the tenant vacated the premises on or before February 1, 1929, and title thereto was "satisfactory" the defendant Ryder would either accept the option or forfeit his payment of $150. The sentence so interpreted provides the alternative for the further express provision that "If tenant does not vacate by February 1, 1929, the $150. referred to herein will be returned to Earl A. Ryder and the option cancelled." This construction gives to all the words of the memorandum a sense consistent with its obvious purpose and with the "terms and conditions" of the instrument of October 20.

The conclusions stated are reached without reliance upon the finding of the trial judge that the instrument of October 20 "was not intended by the parties to be an agreement to purchase and sell real estate," but was intended to be "an option given by the plaintiff to the defendant Ryder, giving Ryder the right to elect to purchase the real estate described therein upon the terms and conditions therein stated," or the finding that the memorandum of December 14 "was not intended by the parties to be an agreement to purchase and sell real estate," but was intended to be "a renewal or extension of the option given by the plaintiff to the defendant Ryder." These findings, however, are in accord with our conclusions based upon the language of the instruments.

Since the memorandum of December 14, as we construe it, embodied no promise by the defendant Ryder to purchase the real estate in question, and no such promise by the other defendant who, so far as appears, acted only

through the defendant Ryder, it is unnecessary to consider whether it was a binding contract or satisfied the statute of frauds, or whether the defendants were estopped by any change of position on the part of the plaintiff to set up that statute.

*Decree affirmed with costs.*