## REBECCA M. BOWLES *vs.* CORBIN W. CLARK.

Middlesex.    April 4, 1950. — May 5, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Pleading, Civil,* Declaration. *Contract,* Performance and breach. *Negligence,* In drawing contract.

Allegations of a declaration in contract or tort in substance that the plaintiff told the defendant, a real estate broker, that she would purchase certain property "upon condition that she could secure certain financing for the purchase price," and employed the defendant to draft an agreement for the purchase "upon certain definite terms and conditions," that she relied on his representation that the agreement was properly drawn, executed it and paid a deposit; but that the agreement was "so carelessly and negligently drawn" that it "did not contain the terms and conditions which" she "had instructed" him to include, "and as a result" she was unable to carry it out and lost her deposit, did not satisfy the requirements of G. L. (Ter. Ed.) c. 231, § 7, Second, and a demurrer properly was sustained.

CONTRACT OR TORT. Writ in the Superior Court dated February 18, 1949.

A demurrer was heard by *Hanify,* J., and was sustained.

*B. Gilbert, (A. Leavitt Taylor* with him,) for the plaintiff.

*E. W. Raye, (H. L. Lynch* with him,) for the defendant.

WILLIAMS, J. This is an appeal from an order of the Superior Court sustaining generally a demurrer to the plaintiff's amended declaration. The action is one of contract or tort. In each of the three counts of the amended declaration, the first being in contract and the second and third in tort, it is alleged that the plaintiff went to the office of the defendant, a real estate broker, and employed the defendant to draft an agreement for the purchase by her of certain real estate.

In count 1 the plaintiff alleges that she employed the de-
.fendant to "find certain real estate suitable for the plaintiff
to buy" and "employed the defendant, for consideration
paid, to draw up such a legal agreement to buy and sell
whereby she was to buy certain property, on certain terms,
and the defendant promised and agreed to render such
services." She alleges that the defendant prepared an agree-
ment in such a. "careless, negligent and unskilled manner
that said agreement did not correctly and legally state the
terms on which the plaintiff wished to buy said property";
that she executed said agreement with the owner of said
property but "was not able to buy said property under the
terms of said agreement, as executed, which was contrary
to her intentions and instructions to the defendant, and as a
result she was unable to . . . recover her deposit of one
thousand ($1,000) dollars paid to the owner."

Count 2 is similar to count 1, except that it omits to allege
a promise by the defendant, and states that he drew the
agreement in such a careless, negligent and unskilled manner
that said agreement did not legally set forth the terms and
conditions as intended by the plaintiff and which she had
instructed the defendant to incorporate in said agreement.

In count 3 she alleges that she stated to the defendant
that "she would buy certain property that the defendant
showed her upon condition that she could secure certain
financing. for the purchase price of said sale"; that on the
defendant's representation that he was "competent, skilled
and experienced" to draw up an agreement to buy and sell
real estate she employed him to draw up agreements (in both
long and short form) "whereby she was to purchase said
property from the owner, upon certain definite terms and
conditions, and pay a deposit of one thousand dollars
($1,000)"; and that relying upon the representation of the
defendant that the agreements were properly drawn and
"legally provided for the terms and conditions which she
had instructed the defendant to place therein," she exe-
cuted said agreements and paid to the owner of said property
a deposit of $1,000. .She further alleges that the defendant

was "not authorized to practise law under this Commonwealth, that said agreements were illegal and, further, that said agreements were so carelessly and negligently drawn up that they did not contain the terms and conditions which the plaintiff had instructed the defendant to place therein, and as a result the plaintiff was not able to carry out the agreement to buy and sell as prepared by said defendant, and, therefore, lost the one thousand dollar deposit which she had paid thereunder."

Of several causes of demurrer assigned with respect to the amended declaration the third cause is stated as follows: "3. Said declaration and the several counts thereof do not state a cause of action substantially in accordance with the rules set forth in G. L. (Ter. Ed.) c. 231, § 7, in that several counts thereof are vague and indefinite and do not allege facts and particulars such that this defendant ought to be required to answer the same."

General Laws (Ter. Ed.) c. 231, § 7, Second, requires that "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." "A defendant is entitled to know with reasonable certainty the ground upon which the plaintiff seeks to recover, that he may be able to make answer thereto and be informed of the issues he is called upon to meet. Unless the declaration sets forth in definite terms what those issues are, it cannot be determined what rules of law are applicable thereto." *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 37. No intendment can be made in favor of the pleader when the sufficiency of the pleading is challenged by demurrer. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 521; *Gabriel* v. *Borowy*, 324 Mass. 231, 235.

Here the causes of action relied upon are the breach of a contract and the violation of a duty arising from that contract. It is therefore essential that the terms of the alleged contract be stated with "substantial certainty." *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 261.

In count 1 the plaintiff alleges that the defendant contracted to draw an agreement for her to buy real estate on "certain terms" and that the agreement as drawn did not state those "terms." In count 2 it is alleged that the agreement as drawn, by reason of the defendant's negligence, did not state the "terms" which the plaintiff had instructed the defendant to incorporate in the agreement. In count 3, while stating that the plaintiff told the defendant that she would purchase on condition that she "could secure certain financing for the purchase price," the allegation of negligence is based on failure to include in the agreement "certain definite terms and conditions" which she "had instructed the defendant to place therein." It is not stated that the terms and conditions which the defendant failed to include were those in reference to financing which she had previously stated to the defendant. In no one of the counts are the terms and conditions to which reference is made stated definitely and with certainty. The defendant is not advised as to what he is charged with omitting or misstating. The allegation in the third count that the agreements as drawn by the defendant were illegal for the reason that the defendant was not authorized to practise law adds nothing to the plaintiff's case. The owner of the property acquired no rights adverse to the plaintiff because of the alleged illegality of the broker's act in drawing the agreements. No damage thereby resulted to the plaintiff.

The demurrer was properly sustained on the third assigned cause of demurrer above quoted. It does not appear that the plaintiff moved or was given leave to amend, and judgment should be entered for the defendant. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61–62.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*