TILO ROOFING COMPANY, INC. *vs.* LAURIER PELLERIN & another.

Hampshire.    September 21, 1954. — November 19, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Contract*, What constitutes, Condition precedent.    *Evidence*, Extrinsic affecting writing.

A written agreement to re-side a house showing on its face that it was intended to set forth the entire agreement of the parties could not be varied or supplemented by parol evidence. [745]

A written agreement for re-siding a house, warrantably found on parol evidence to have been conditionally signed and delivered by the owner of the house to the siding company upon the understanding that it was not to become binding until the owner had satisfied himself of the quality of the company's workmanship and materials by inspection of a nearby house, never became effective where the owner within a reasonable time notified the company that he did not "want" the siding and was "canceling" his "order." [746]

CONTRACT.    Writ in the District Court of Hampshire dated October 2, 1950.

The plaintiff appealed from an order by the Appellate Division dismissing a report after a finding for the defendants by *O'Connor*, J.

*Lawrence D. Friedman*, for the plaintiff.

*John J. O'Connell*, for the defendants, submitted a brief.

WILLIAMS, J.    The plaintiff's action is to recover damages for the alleged breach of a written agreement concerning the re-siding of the defendants' house at 32 Gaston Street in Easthampton.    There was evidence that on the evening of July 28, 1950, one Lefebvre, an agent of the plaintiff, called at the home of the defendants, who were husband and wife.    He said that his company was having a special drive for new business and desired a choice location for a special display of the company's new materials and colors to aid in picking up additional customers for these ma-

Tilo Roofing Co. Inc. *v.* Pellerin.

terials.  He stated that the regular price for the application of siding to the defendants' home was $2,100 but if the defendants "signed an order now" they would receive a deduction of approximately $700.  Pellerin replied that he and his wife did not wish to sign any paper or enter into any contract and did not want to bind themselves to any payment because they had no money.  Lefebvre said that he would make an application for credit and would have the defendants' credit rating looked into and if it was "O.K." the job would go through at reduced rates if they "signed the order tonight"; and that "if they both signed the order it would not bind them to go through with the job, and if they did sign the order and wished to go ahead with the application of the siding they could obtain the discount of" $700.  Lefebvre showed the defendants samples of the siding and "told them to look over a job which his company had performed on an adjoining street and if they did not like it, the defendants could notify the plaintiff company to that effect and their signatures would mean nothing and the order would be called off."  The defendants finally signed the instrument which Lefebvre presented to them and he left with them a green card containing the business address of the plaintiff.  On August 6 Pellerin went to see the other house and then sent the following letter to the plaintiff:

> "August 6, 1950.
>
> Dear Sir
>
> I'm canceling my oder [*sic*] of Tilo.  I can see fit to pay for it   Please don't bring it   I don't want it.
>
> > Your Truly
> > Mr. Laurier J. Pellerin
> > 32 Gaston St.
> > Easthampton, Mass."

The writing signed by the defendants was in the form of a proposal to re-side the house at 32 Gaston Street with grey Tilokote asphalt shingles at a price of $1,400 which with finance charges of $209.70 was to be paid in thirty-six

monthly payments, the first payment to be made thirty days after the completion or on October 25, 1950. It provided that acceptance of the proposal was to become effective by the defendants signing a note for the required amount at the foot of the proposal.

The judge of the District Court denied the plaintiff's requests for rulings "1. That upon the law and the evidence the finding should be for the plaintiff," and "3. That as a matter of law the defendants are bound by the terms of the agreement which they signed." He granted the plaintiff's other requests but ruled them inapplicable in view of the facts found. His findings were as follows: "I specifically find that the contract was signed on the insistent requests of plaintiff's agent and salesman, Lefebvre, and that it was only for the purpose of holding the reduced price with the understanding that it would not become binding on either party until the defendants satisfied themselves that the workmanship and materials performed and employed on the house on the adjacent street were in accordance with defendants' desire. I further find that the instrument sued upon was conditionally delivered. I further find that upon written notice by defendants to plaintiff, the contract became inoperative and was of no force and no legal effect, and that its obligations never commenced. I further find that the plaintiff's agent and salesman, Lefebvre, by his conversation with the defendants, made promises which induced the defendants to conditionally sign the alleged contract. I find for the defendants, but assess costs against them in the sum of twenty-five dollars for postponement of this action." He then reported the case, stating, "The plaintiff is aggrieved by the court's rulings on requests numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 and by the finding made." The case is here on appeal by the plaintiff from an order of the Appellate Division dismissing the report.

As the written agreement shows on its face that it was intended to set forth the entire agreement of the parties relating to the re-siding of the defendants' house, its terms cannot be varied or supplemented by parol evidence.

*Glackin* v. *Bennett*, 226 Mass. 316, 319–320.   *Freeman* v.
*Sieve*, 323 Mass. 652, 654.   *Berman* v. *Geller*, 325 Mass.
377, 379–380.   See *Kerwin* v. *Donaghy*, 317 Mass. 559, 567–
568.   The question for decision is whether the judge was
warranted in finding that the parties did not intend this
writing to be effective as a contract at the time it was signed
by the defendants and delivered to the plaintiff's agent.
It is settled that a condition precedent to the taking effect
of a written instrument may be shown by parol.   *Watkins*
v. *Bowers*, 119 Mass. 383.   *Elastic Tip Co.* v. *Graham*, 185
Mass. 597, 600.   *Beaman-Marvell Co.* v. *Gunn*, 306 Mass.
419, 422–423.   *Howland* v. *Plymouth*, 319 Mass. 321, 324,
and cases cited.   Restatement: Contracts, § 241.   See
Corbin on Contracts, § 589.   If such condition is shown not
to have been performed, the writing does not become a bind-
ing obligation.   The rule is different as to the proof of con-
ditions to be performed subsequent to the time the con-
tract became effective.   See *Eastern Advertising Co.* v.
*E. L. Patch Co.* 235 Mass. 580, 582; *Eastern Advertising Co.*
v. *Shapiro*, 263 Mass. 228, 232; Williston on Contracts
(Rev. ed.) § 634.

In the instant case there was evidence warranting the find-
ing that the writing was not intended to operate as a con-
tract until the defendants satisfied themselves with the
quality of the plaintiff's work.   Persuasive evidence that
the contract was not to be effective immediately was af-
forded by the testimony relating to the proposed investiga-
tion of the defendants' credit rating.   The letter written
by the male defendant nine days after the writing was
signed could be found to have been sufficient notice of a
lack of satisfaction and to have been sent within a reasonable
time.

The requests other than 1 and 3 were for rulings which,
because of his findings, the judge properly ruled to be in-
applicable.   There was no error in denying requests 1 and 3
or in the finding for the defendants.

*Order dismissing report affirmed.*