*Southern Division*

**ROBERT FUGERE**

v.

**WILLIAM H. BURNS d-b-a BURNS FORD SALES**

*Present:* Nash, P. J., Welch & Callan, JJ.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 16,583.

*Callan, J.* In this action of tort or contract the plaintiff seeks to recover $823.30 for the alleged failure of the defendant to pay an encumbrance on a Nash automobile previously owned by the plaintiff. The defendant filed a demurrer to the declaration on the grounds that the matters set forth therein were not sufficient in law to enable the plaintiff to maintain his action. The demurrer was overruled and the defendant claimed a report on the ruling. The defendant answered by way of a general denial.

The plaintiff's declaration alleged that "on or about June 17, 1955, the plaintiff entered into a contract with the defendant, his agents or servants or attorneys, a copy of which contract is annexed and marked "A" to purchase a 1955 Ford car from the defendant

for $2983.00; that in part payment therefor the plaintiff traded in his old Nash car to the defendant with the understanding that the defendant would pay off the outstanding indebtedness on said Nash car."

*The evidence tended to show that* the plaintiff in 1953 purchased a Nash automobile financing the same through a conditional sales agreement which was subsequently assigned to the Industrial National Bank of Providence, herein referred to as the bank. In June of 1955 the plaintiff had negotiations with one of the defendant's salesmen for the purchase of a new 1955 Ford automobile. The negotiations culminated in the execution by the plaintiff and defendant of a conditional sales contract. The purchase price as set out in the written contract for the new Ford car was $2982.00. At the time of the purchase the plaintiff paid the defendant $500.00 in cash and traded in his Nash car, receiving a credit therefor of $300.00. To the balance remaining was added the amount of $283.52 as a financing charge, all of which was to be paid by the plaintiff in monthly installments. This contract was assigned to the Norfolk County Trust Company. The plaintiff made payments to the Norfolk County Trust Company in accordance with the terms of the contract.

The contract shows an amount of $1150.00 allowed as a trade-in. This figure was crossed out by a line through it and the figure $300.00 written above. (*Contract omitted by Reporter*).

There were other paragraphs in said con-

tract on the first page, not material to this issue and on the reverse side the following clause appeared: "No promise, agreements, representations or warranties shall be binding upon seller unless set forth herein."

There was no evidence as to when the figures $1150.00 were crossed out and the figures $300.00 inserted.

*There was evidence that:* When the contract was returned from the Trust Company marked "Paid in full", the figures $1150.00 had been crossed out and the figures $300.00 substituted therefor. At the time that the plaintiff purchased the Ford car an amount of approximately $906.00 remained as an outstanding encumbrance on the Nash car. The salesman of the defendant with whom the plaintiff did business orally agreed before the written contract was executed that the defendant would assume the payment of this encumbrance. The defendant had, subsequent to the execution of the conditional sales contract, promised to send a check in the amount of $906.00 to the bank. The defendant denied that he made any such promise. An officer of the Norfolk County Trust Company notified the defendant of the outstanding encumbrance on the Nash car and the defendant said he would send a check to cover this amount. (The defendant denied any such statement). The defendant later included the Nash car in a chattel mortgage covering several vehicles, which mortgage contained a covenant of his ownership and his warranty that the vehicles were free from all encumbrances.

Approximately four months after the trade-in the Nash car was repossessed by the bank from the custody of the defendant and was sold for $300.00. The wholesale price of the Ford purchased by the plaintiff was $2,170.20 and the defendant incurred overhead expense attributable to the sale of the Ford car in excess of $300.00.

No requests for findings or rulings were filed by the plaintiff but the defendant filed the following:

(1) The contract attached to the declaration was intended to set forth the entire agreement between the parties.

(4) Upon all the evidence, judgment should be entered for the defendant.

The court denied these requests, the latter on the ground that it was not in compliance with Rule 27 of the District Court Rules. The judge made a special finding of facts as follows:

"I find that an independent collateral agreement existed between the plaintiff and the defendant whereby the defendant agreed to pay the balance due the Industrial National Bank of Providence. That the salesman for the defendant had the ostensible powers to offer such terms to the plaintiff and that said agreement was ratified by the defendant owner when he stated he would send a check to the bank."

The judge found for the plaintiff in the amount of $823.70. The defendant claiming to be aggrieved by the overruling of his demurrer and by the judge's rulings on his requests 1 and 4 claims a report to the Appellate Division.

There is nothing in the written contract about the payment of the outstanding indebtedness on the Nash car and so it would appear from the wording of the plaintiff's declaration that he is not basing his claim on a breach of the written contract but rather on a collateral agreement, although the declaration mentioned no agreement. The term used is "understanding", which is sometimes defined as "a mutual agreement, informal, but having definite engagements."

A declaration should state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action so that the defendant will have information concerning the nature of the asserted claim as will permit him to file appropriate pleadings. *Grandchamp v. Costello,* 289 Mass. 506; *Comerford v. Meier,* 302 Mass. 398; *Glynn v. Blomerth,* 312 Mass. 290; *Stoney v. Soar,* 322 Mass. 408; *Bowles v. Clark,* 326 Mass. 31.

While in a demurrer to a declaration no intendment can be made in the pleader's favor, *Pollock v. N. E. Tel. & Tel. Co.,* 289 Mass. 255; *Bowles v. Clark,* 326 Mass. 31, where there is sufficient matter substantially alleged to entitle the plaintiff to maintain his action the declaration will be good on general demurrer. *Daddario v. Pittsfield,* 301 Mass. 552. Though the declaration is not well drawn the defendant cannot escape liability on that ground where it in substance states a cause of action. *Keith v. Radway,* 221 Mass. 515. We are of the opinion the demurrer was rightly overruled.

■ The essential question is whether the agreement which the plaintiff relies on is independent of and collateral to the written sales contract with the defendant. If the contract is an independent one the evidence concerning it should be received; on the other hand, if it cannot stand independently but is part of the sales contract which was reduced to writing, the evidence concerning it should have been excluded. Where the agreement of two contracting parties has been put in an unambiguous written form which they consider as final, this final form is the contract and evidence of negotiations leading up to this final form is immaterial. The agreement merges promises made during negotiations and nothing not contained in the final agreement can be relied on. *Mears v. Smith,* 199 Mass. 319; *Butterick Publishing Co. v. Fisher,* 203 Mass. 122; *Fairfield v. Lowry,* 207 Mass. 352, 358; *Goldenberg v. Taglino,* 218 Mass. 357, 359; *Stearns v. Warren,* 284 Mass. 268.

The negotiations regarding the transfer of the plaintiff's title in the Nash car necessarily took place prior to the execution of the written contract. In this way only could the amount of credit to be given on the trade-in of the Nash be determined. Evidence is lacking as to when the figures $1150.00 in the written contract were crossed out and the figures $300.00 written above it. It is presumed that it was done before execution since the $500.00 cash payment and the amount allowed for the trade-in totaled $800.00 as set

out in the agreement and it was upon this that the balance and monthly payments were predicated.

The parties adopted this as the contract, the defendant assigning it to the Norfolk County Trust Company and the plaintiff complying with its terms. This was a separate contract from the transaction of the Nash. In the case of *MacAlman v. Gleason,* 228 Mass. 454 in an action of contract for the price of repairs made to a motor vehicle of the defendant, it appeared that the defendant bought the car from the plaintiff under a contract in writing signed by the parties which appeared to be a complete contract embracing all the particulars necessary to make it a perfect agreement. It appeared that before the sale the plaintiff orally agreed that if the defendant bought the car he would guarantee it for a year and keep it in repair. The defendant contended this was a separate collateral agreement made as an inducement to buy the car. It was held that the oral agreement directly touched and concerned the use and enjoyment of the thing sold, and it was not a mere inducement for entering into the sale, that it was a part of the bargain and sale and was not independent of or collateral to the sale. Similarly, in the case of *Glackin v. Bennett,* 226 Mass. 316, wherein during the negotiations for the purchase and sale of a motor vehicle, which negotiations were reduced to the form of a good and complete written contract, the seller orally warranted that the car could be operated 12 miles on a

gallon of gasoline it was held that where the writing shows on its face that it includes the whole agreement of the parties and embraced all that is necessary to constitute a contract, it is presumed that they have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final statement of the whole transaction and all their negotiations relating to the subject matter are to be found within the instrument. But these cases involved a motor vehicle which was the basis of the written contract. *The test is whether the agreement as to which evidence was offered deals with the same subject matter as the written agreement which is alleged to integrate or merge it. Freeman v. Sieve,* 323 Mass. 652; *Berman v. Gellar,* 325 Mass. 377; *Tilo Roofing Co. v. Pellerin,* 331 Mass. 743.

In the case in issue the question relates to a motor vehicle which is not the basis of the written conditional sales agreement which would have been complete without any mention of the Nash car. Line No. 2 of the Sales Agreement reads, "Down payment, cash $500.00, trade-in $300.00, Total $800.00." The next line, termed "Trade-in" is merely descriptive for identification.

The balance due on the Nash car was primarily the plaintiff's obligation. Whether the plaintiff was to pay this or the defendant would make a difference in the amount of credit given for the trade-in. The defendant could not acquire full title until the encumbrance had been paid. There was evidence

that $1150.00 was allowed. Since the figure was changed to a lesser amount the plaintiff necessarily had more to pay on the balance.

Even were it considered that the subject matter of the oral agreement is the same subject matter as contained in the written agreement, an oral agreement is not superceded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject matter, if the agreement is not inconsistent with the integrated contract and (a) is made for separate consideration (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract. See Restatement, Contracts, §240.

The case of *Swan v. Drury*, 22 Pick. 485 has been called to our attention by the defendant. In that case, which was an action brought by a vendor upon a written contract for the sale and purchase of real estate on which an encumbrance existed, parol evidence was not admissible to prove that at the time the contract was made the vendees knew of the encumbrance and that it was then agreed that the mortgage should remain thereon, as such evidence tended to vary and contradict the terms of the written contract. In the present case the evidence taken as a whole amounted to a waiver by the defendant of the encumbered title of the plaintiff in the Nash car and an assumption by him of the encumbrance.

From all the evidence we cannot say that the judge was in error in finding that the defendant agreed to pay the encumbrance due on the Nash car and that it was a collateral independent agreement, the consideration for the same being the execution by the plaintiff of the written contract.

There was no prejudicial error in the denial of Request No. 1 or No. 4. See District Court Rules No. 27.

The report is ordered dismissed.

*So ordered.*

*Ernest R. White, Jr.,* of Mansfield for the Plaintiff.

Maurice H. Richardson, of Boston for the Defendant.