JAMES SACCO & another *vs.* VINCENT G. PENDLETON, JR., & another. January 5, 1967.  Sacco and his wife seek (1) specific enforcement of an alleged binding agreement by Pendleton, for himself and another defendant, Costin, to purchase property including the shares of Ace Welding Service, Inc. and land and equipment, and (2) to have two mortgages declared invalid.  The trial judge, upon documents and conflicting testimony, found, on the reported evidence, that Pendleton did not intend, by initialling parts of the document, "to authenticate . . . it as a purchase . . . agreement."  He concluded (a) that the agreement "was an option . . . [which] the defendants never exercised"; (b) that there was no fraud by either defendant; and (c) that the mortgages were given by Sacco and his wife to secure $60,000 of loans.  Loans, previously unsecured, in the aggregate amount of $35,000 (including an allowance for interest) had been made by Pendleton prior to the two mortgages.  A final advance of $25,000 (found to be a loan) was made when the two mortgages were given.  By final decree, the mortgages were adjudged valid.  Otherwise the bill was dismissed with costs.  The Saccos appeal.  The confused and conflicting evidence justified the judge's findings and conclusions.  Evidence that the title of the alleged agreement had been amended, prior to its execution, to describe it as an "option" did not stand alone. Cf. *Morgan* v. *Forbes,* 236 Mass. 480, 483–484; *Kelley* v. *Ryder,* 276 Mass. 24, 28; *Oleson* v. *Bergwell,* 204 Minn. 450, 454–456; Corbin, Contracts, § 274.  That only the Saccos were to be bound by this document was also indicated by the circumstance that only they (and not Pendleton or

Costin) signed it at the end and by the judge's justifiable determination that the $25,000 was a loan (and thus not a deposit under a purchase agreement).

*Decree affirmed with costs of appeal.*

*Max Kabatznick (Allan R. Rosenberg* with him) for the plaintiffs.

*Roland E. Shaine (Peter D. Gens* with him) for the defendants.