WILLIAM J. JOHNSON & another *vs.* WORCESTER
BUSINESS DEVELOPMENT CORPORATION.

Worcester.   September 11, 1973. — October 25, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Contract,* Option, For sale of real estate, Construction.   *Evidence,*
Extrinsic affecting writing.

Plaintiffs in a suit in equity who had been given an "exclusive right" and
option by the defendant to purchase a certain parcel of land upon
giving notice of their election to exercise the option within a specified
time lost their right to purchase the parcel and were not entitled to a
conveyance thereof where they failed to exercise the option within the
specified time; they were not aided by the facts that the parcel was
part of a tract of land which had been conveyed to the defendant by a
city pursuant to an order of the city council stating that it was
"agreed" that the defendant would "give preference to abutters and
businesses displaced by action of " a redevelopment authority, and
that the plaintiffs had been so "displaced" and were presently owners
of land abutting the parcel covered by the option. [527-530]

BILL IN EQUITY filed in the Superior Court on September 28, 1971.

The suit was heard by *Rutledge,* J.

*Sumner S. Fanger* for the plaintiffs.

*William J. LeDoux* for the defendant.

HALE, C.J.   This is a bill in equity by which the
plaintiffs seek to compel the defendant to convey to the
plaintiffs a certain parcel of land described in a written
option agreement dated March 5, 1970. The suit was tried
before a judge of the Superior Court who made findings of
fact and by whose order a decree was entered dismissing the
bill. He later adopted those findings as a statutory report of
material facts. We summarize the findings which we
consider material to our determination of the issues.

The agreement of March 5, 1970, was given by the

defendant in consideration of $500 paid by the plaintiffs. It provided, among other things, that the plaintiffs should have the exclusive right and option to purchase a 1.10 acre parcel of land from the defendant for the price of $18,258 and that upon the plaintiffs' giving the defendant written notice of their election to exercise the option within the option period or the period of any extension therein provided for, the defendant should convey the land to the plaintiffs within thirty days. The agreement provided specifically that "[s]aid option shall terminate 120 days from the date hereof . . ." and that "the [o]ptionee shall have the right to extend the option for thirty days . . .." The option was extended, and the expiration date became August 3, 1970. The plaintiffs did not exercise the option within the period as extended, nor does it appear that at any time since they have given notice of their election to exercise the option. The defendant did nothing to prevent the exercise of the option by the plaintiffs.

The present suit was filed on September 28, 1971. The judge ruled that as the plaintiffs had not exercised the option, they were not entitled to equitable relief. There was no error.

The plaintiffs argue that the "so-called option" was not an option but an "exclusive right" to buy for a limited period of time. They concede that when the time limit expired the "exclusivity" was lost, but they urge that they nevertheless continue to have a "right" to buy the land. They base this contention on the fact that the land described in the option was part of a larger parcel conveyed by the city of Worcester to the defendant and that the order of the city council authorizing the conveyance contained the following language: "it being agreed that the Worcester Business Development Corporation shall give preference to abutters and businesses displaced by action of the Worcester Redevelopment Authority." The judge found that the plaintiffs had been displaced by a taking of their land and buildings by the Worcester Redevelopment Authority and that the plaintiffs were presently owners of land which abutted land described in the option.

Johnson *v.* Worcester Business Development Corp.

The agreement is clearly only an option. It cannot be given the effect of an agreement for the purchase and sale of real estate. "An option to purchase real estate is a unilateral contract by which the owner of the property agrees with the holder of the option that he has the right to buy the property according to the terms and conditions of the contract. By such an agreement the owner does not sell the land, nor does he at the time contract to sell. He does, however, agree that the person to whom the option is given shall have the right at his election or option to demand the conveyance in the manner specified. It is merely the right to an election which has been sold and the owner of this right is not bound to complete the sale." *Morgan* v. *Forbes,* 236 Mass. 480, 483 (1920). The agreement appears to incorporate the complete understanding of the parties in terms which are not ambiguous or obscure. In such a case resort cannot be had to extrinsic evidence as an aid to interpretation. *Tilo Roofing Co. Inc.* v. *Pellerin,* 331 Mass. 743, 745-746 (1954). The plaintiffs ask us to focus our attention on the words "exclusive right" and to ignore most of the rest of the agreement. To do so would be to run contrary to the rule of construction that the contract must be interpreted as a whole. *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 654 (1945).

It is the established rule, both at law and in equity, that time is of the essence of an option, and the exercise of the option within the time fixed therein is a condition precedent which must be met. *Boston & Worcester St. Ry.* v. *Rose,* 194 Mass. 142, 149 (1907). *Morgan* v. *Forbes,* 236 Mass. 480, 483 (1920). *Kelley* v. *Ryder,* 276 Mass. 24, 27 (1931). *American Oil Co.* v. *Katsikas, ante,* 437 (1973).

The order of the Worcester city council avails the plaintiffs nothing. This is not a mandamus proceeding to compel the defendant to convey the land to the plaintiffs. If it were, the order of the city council would not preclude the defendant from the exercise of its judgment in the selection of any member of the class of persons who meet the standards for preference set out in the council's order. See *McIntyre* v. *County Commrs. of Bristol,* 356 Mass. 520,

524-525 (1969); *Channel Fish Co. Inc.* v. *Boston Fish Market Corp.* 359 Mass. 185, 187-188 (1971). The record before us is barren of any allegation or evidence that the alleged impending conveyance of the property to third parties would not be so compatible with the council order as the conveyance desired by the plaintiffs.

*Decree affirmed with costs.*