J. DERENZO CO. *vs.* TAYLOR, WOODROW, BLITMAN CONSTRUCTION CORP. & another. September 26, 1975. In this action to recover the balance allegedly due under the plaintiff's subcontract, brought against the two defendants in their capacity as joint general contractors, the judge correctly ruled that the plaintiff's claim was not barred by the work-stoppage provision of the subcontract relied upon by the defendants. That provision, which precludes such recovery in excess of the amount actually received by the defendants for work performed by the plaintiff "in the event *the work* is stopped by Court Order or public authority" (emphasis supplied), refers, in our opinion, only to the work to be performed by the plaintiff under its subcontract and not to other work contemplated by the general contract for which the plaintiff had no responsibility. We are not persuaded by the defendants' contention that the two references in the sentence containing the work-stoppage provision to "the general contract" require that the word "work" be interpreted as meaning all the work to be performed thereunder, or by their further contention that the meaning of the word is thereby rendered so clear and unambiguous as to require that sentence to be read in isolation and without regard to other provisions of the subcontract. Their first contention is neutralized by the fact that the sentence contains an equal number of references to the plaintiff's subcontract, and is refuted by two other provisions in the sentence in which the word "work" is plainly used to denote the plaintiff's obligations under its subcontract. The defendants' further contention, which neglects the settled rule that words of a contract are to be construed in light of the intention of the parties as manifested by the contract as a whole (*Lembo* v. *Waters,* 1 Mass. App. Ct. 227, 231 [1973]; *Johnson* v. *Worcester Business Dev. Corp.* 1 Mass. App. Ct. 527, 529 [1973]), overlooks the fact that the word "work" appears more than eighty times elsewhere in the subcontract and (except for a few instances where the word might be regarded as ambiguous and one or two others where it is accompanied by modifying language to the contrary) refers exclusively to work to be performed under the subcontract — strong evidence, we think, that the word was used in the work-stoppage provision with the same intendment. See *Clark* v. *State St. Trust Co.* 270 Mass. 140, 151 (1930); *Rockland-Atlas Natl. Bank* v. *Massachusetts Bonding & Ins. Co.* 338 Mass. 730, 738 (1959). We are aided in arriving at our conclusion by the fact that the subcontract was drafted by the defendants (see *Beal* v. *Stimpson Terminal Co.* 1 Mass. App. Ct. 656, 660 [1974], and cases cited) and that the interpretation urged by the defendants would make the subcontract something less than "a rational

business instrument." *Lembo* case, *supra,* at 231 and cases cited. In view of our conclusion as to the proper interpretation of the work-stoppage provision, other issues raised by the parties need not be considered.

*Judgment affirmed.*

*W. Bradley Ryan* for the defendants.

*Robert J. Sherer* (*Loring A. Cook, III,* with him) for the plaintiff.