[No. 20787. Department One. November 8, 1927.]

AUGUSTA H. SODERLUND, *as Executrix, Respondent,* v. PUGET MILL COMPANY, *Appellant.*[1]

[1] EVIDENCE (148, 169)—PAROL EVIDENCE TO VARY WRITING—CONTRACTS FOR SALE OF LAND—CONTEMPORANEOUS COLLATERAL AGREEMENT—COMPLETENESS OF WRITING. Where plaintiff, a vendee in an executory contract, testified that the vendor repurchased the land for $2,800, and orally agreed to pay plaintiff the balance due, when a resale should be effected, oral evidence of the contract is not inadmissible as varying the terms of a writing, made at the time of the transaction, with quitclaim to vendor, reciting that plaintiff surrendered the executory contract and waived and relinquished all interest in the premises.

[2] JUDGMENT (219, 227)—CONCLUSIVENESS—BAR—DISTINCT CAUSES—MATTERS NOT IN ISSUE. A decree quieting title in the vendor to land sold, upon its surrender by the vendee, is not *res adjudicata* or a bar to an action by the vendee to recover on an alleged oral resale contract whereby the vendor repurchased the property and agreed to pay the vendee a certain sum therefor.

Appeal from a judgment of the superior court for King county, Douglas, J., entered June 18, 1927, on the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Chadwick, McMicken, Ramsey & Rupp* and *James Kiefer,* for appellant.

*Geo. F. Vanderveer,* for respondent.

[1]Reported in 260 Pac. 664.

TOLMAN, J.—Respondent, as plaintiff, by her complaint, sets forth that in 1921, she and her husband, since deceased, purchased from the appellant a small tract of land, in Alderwood Manor No. 10, for an agreed consideration of $1,879, of which fifty dollars was paid in cash, and the balance was payable at the rate of fifteen dollars per month. Thereafter, at their request, the appellant placed improvements on the land, consisting of a small house and a well costing $882.29; and by supplemental contract, this amount was added to the purchase price, and the payments were increased to twenty-two dollars monthly. After keeping up payments for a time, the purchasers, through sickness and misfortune, became somewhat in arrears, but no attempt was made to forfeit the contract.

In May, 1925, the husband died, testate, and the wife became, by due appointment, the executrix under his will. Respondent being unable, after the death of her husband, to discharge the arrearages or to meet the payments still to become due on the contract of purchase, a conference was had; and she claims that a direct and definite agreement was entered into between herself and the proper officer of the appellant, by which she should surrender her contracts and convey back the land by quit-claim deed, and in consideration of her so doing, appellant would sell the land for approximately twenty-eight hundred dollars, and after deducting the amount owing to it, would pay her the overplus.

The contract, she alleges, was fully executed on her part, but, she claims, that the appellant, although it had sold the land, refused to account for or pay over to her the difference between the amount owing on the contract and the agreed re-sale price of twenty-eight hundred dollars.

The answer consists of a denial, in part, and an al-

legation of a different contract to the effect that, upon a reconveyance to it, appellant would use its best efforts to sell the land for the best price obtainable, and if anything was realized over and above the amount owing on the contract, to pay such overplus to respondent; that a re-sale was made for the best obtainable price, which was twenty-three hundred dollars, and that there was no overplus.

The second affirmative defense was, in effect, a plea of *res judicata,* based upon an action to quiet title, in which respondent had disclaimed any interest in the land, and a decree had been entered in July, 1926, quieting title in appellant. This last mentioned defense was, on motion, stricken. The cause was tried to a jury, which rendered a verdict in favor of the plaintiff for $432.95; and from a judgment thereon, the defendant has appealed.

The assignments of error raise but two questions: (1) The striking of the plea of *res judicata;* and (2) the admission of parol evidence to contradict or vary the terms of a written agreement. The underlying reason for both rulings seems to be the same, and they can therefore be best discussed together.

Respondent, upon the trial, testified directly and positively to an agreement as pleaded, and that she surrendered the contract and quit-claimed the land upon the express promise that appellant would sell it for twenty-eight hundred dollars and pay her the amount realized above what was owing to it. She was confronted with, and admitted signing, at the time she executed her part of the contract, a written instrument which reads as follows:

"Received of Augusta H. Soderlund contract between Puget Mill Company and her late husband, Carl A. Soderlund, dated June 18, 1921, and supplemental contract dated April 14, 1922, between the same parties, respecting the sale and purchase of tract twelve (12),

block seven (7), Alderwood Manor No. 10; said contract being surrendered for cancellation; and it is agreed that the Puget Mill Company releases the estate of Carl A. Soderlund and said Augusta H. Soderlund from all liability for payments under said contract, and the said Augusta H. Soderlund, as widow and successor in interest of said Carl A. Soderlund, hereby waives, quitclaims and relinquishes all interest in said premises or any part thereof.

"Dated Seattle, Washington, September 10, 1925.

"[Signed] James Kiefer

   "Attorney for Puget Mill Company,

   "Augusta H. Soderlund."

Thereupon appellant sought to prevent any parol evidence going to the jury tending to establish the oral agreement claimed by the respondent.

[1, 2] If the instrument be other than a receipt, which we do not determine, still it is in nowise inconsistent with respondent's present claim. She has and claims no interest in the land. She admits, and in the action to quiet title formally admitted, that she has and claims no such interest. While there are allegations in her complaint which go beyond that, and may now be regarded as surplusage, still her testimony upon the trial is in effect that she sold the land for twenty-eight hundred dollars, and though she has delivered the title, the purchaser has failed to pay the purchase price. Of course, her testimony was denied, and appellant's theory of what had been agreed upon was just as clearly presented to the jury. Unquestionably, it was within the province of the jury to determine which party spoke the truth.

What we have said with reference to the written instrument quoted, applies with like effect to the plea of *res judicata.*

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.