## CHAMBERS v. RIGGS et ux.

### No. 2800.

Court of Civil Appeals of Texas. Beaumont.

Oct. 7, 1935.

Rehearing Denied Oct. 16, 1935.

Fulbright, Crooker & Freeman and C. A. Leddy, all of Houston, for appellant.

Fouts, Amerman & Patterson & Moore, of Houston, for appellees.

O'QUINN, Justice.

Appellees, W. J. Riggs and wife, brought this suit against appellant. For cause of action they alleged that on January 31, 1922, they bought from appellant lot 11 and 5 feet off of the west side of lot 10 in block 6 in the Lockhart addition to the city of Houston, Tex., for a consideration of $12,000, in payment of which they conveyed to appellant certain land in Harris

county, Tex., valued at $3,000, and executed to him their 18 certain vendor lien notes each in the sum of $500, payable one each year in their numerical order until discharged; that after the purchase they took possession of the property, resided upon same, and conducted their business there; that in 1923, finding that they would be unable to pay said notes as they matured, they discussed the matter with appellant and it was orally agreed by and between them that they would deed him back the property which they had bought from him, which he was to hold in trust for them; that the ownership of said property, notwithstanding said conveyance, was to remain in them, and they were to continue to live upon said property as their home and collect the rents realized from operating same; that the debt to appellant owed by them for said property was to remain in full force and effect and the revenues derived from the operation of the property were to be credited on and against said indebtedness, and, in the event said revenues were not sufficient to pay the interest on said notes and the taxes on the property, then the remainder of such matters was to be added to the debt owed by them to appellant evidenced by their said notes; that said conveyance of said property by them back to appellant was wholly one in trust for the purpose of better securing their said debt to appellant.

They further alleged that it was agreed that a sale of the property was to be attempted to be made, and, in the event such sale was made, any amount received for the property in excess of the debt owed by them to appellant was to be paid over to them as of the date of the sale, same to be in satisfaction of their equity in said property, it being considered by all parties that they (plaintiffs) had an equity in the property of all money realized by such sale in excess of the debt represented by the notes and interest on same; that, in the event such sale could not be made, then appellees, the plaintiffs, were to be given additional time to that specified in the notes in which to pay off said notes, and that appellant was to hold the property in trust' for them, and to protect their interest in same at all times, and, in the event a sale of the property was made for more than the debt owed by them to appellant, the debt was to be considered paid, and they (plaintiffs) were to receive the remainder in satisfaction of their equity in said property.

They further alleged that, in pursuance of this oral agreement, they executed the deed conveying the property back to appellant, reciting therein as a consideration the cancellation of the 18 promissory notes and that they were delivered to appellees, but that said notes were not canceled, nor was the debt considered by either party to have been extinguished, nor the deed considered to be an absolute conveyance, but was a conveyance in trust to be held by appellant in accordance with the terms and conditions of their said oral agreement; that appellees continued to live on the property as per their said oral agreement and to collect the rents arising therefrom and to turn same over to appellant, and to pay the insurance on said property, and that thereafter appellee W. J. Riggs expended considerable time and trouble in soliciting a purchaser for said property; and put one W. M. Gould in communication with appellant, and secured him as a purchaser of said property, and that, after some negotiations, an agreement to purchase said property and some adjacent land was entered into in August, 1923, by appellant and said Gould, of which said agreement to purchase said property appellee W. J. Riggs was the effecting and moving cause, and that appellant assured appellee that the understanding between them was that, when said Gould consummated the agreement to purchase said property and executed his notes for the purchase of same in accordance with said agreement, within 30 days after said date appellant would pay over to appellee his equity of $3,000, the amount of his interest in the property, and to which extent, in case of a sale thereof, appellant was trustee for appellee.

They further alleged that the total price of the property sold to Gould, and which consisted of the property owned by W. J. Riggs, that is, lot 11 and 5 feet off of the west side of lot 10 in block 6 of the Lockhart addition to the city of Houston, and the balance of said lot 10, was $15,000, and that it was agreed and understood between the parties that the property conveyed by appellee to appellant (lot 11 and the west 5 feet off of lot 10 in block 6 of the Lockhart addition) represented $12,000 of the price of the property sold by appellant to Gould.

They further alleged that thereafter, about September 1, 1923, said Gould consummated the purchase of said property from appellant and executed his notes to

appellant according to the agreement to purchase said property, and 30 days thereafter appellee demanded that appellant pay to him the sum of $3,000 in accordance with their said agreement, which appellant failed and refused to do, and, though same has frequently been demanded of appellant, he still fails and refuses to pay the same; that appellant, though he has collected from said Gould more than the sum of $3,000 on the purchase of said property, refuses to pay to appellee any sum, and says that he does not intend to pay him, whereby he (appellant) has converted the whole of the money received from said Gould on the purchase price of said property to his own use and benefit, has wholly repudiated his said trust, and therefore become bound and obligated to pay to appellees the amount of the said obligation which they alleged to be all money in excess of $12,000 received for said property with legal interest thereon. The prayer was for recovery in accordance with their pleadings.

Appellant answered by general denial and plea of the 2-year statute of limitations.

The case was tried to a jury. At the close of the evidence, appellant moved for an instructed verdict, which was refused. The case was then submitted to the jury upon the following special issues:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the reconveyance to the warehouse property of W. J. Riggs to A. M. Chambers was made under an agreement that in the event of the sale of the property within one year from the date of the conveyance, said Chambers was to pay W. J. Riggs the difference between the amount evidenced by the notes, interest, taxes and insurance thereon, and the sale price of said property?" Which the jury answered in the affirmative.

"Special Issue No. 2: Do you find from a preponderance of the evidence that W. J. Riggs was the procuring cause, as that term is herein defined of the sale of the warehouse property from A. M. Chambers to W. M. Gould?" Which the jury answered in the affirmative.

The third special issue submitted merely inquired of the jury the value per acre of the farm land conveyed by Riggs to Chambers as a part of the original purchase price of the warehouse property. The finding of the jury on this issue is

not material to any of the questions raised by appellant, and therefore will not be further noticed.

Appellant filed motion to set aside the findings of the jury, which was overruled. He then filed motion for judgment non obstante veredicto, which was also overruled. Judgment was entered upon the findings of the jury in favor of appellee for $3,018.69, with legal interest thereon from June 29, 1934, the date of the judgment. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant presents twelve points of error based upon eighteen assignments upon which he relies for a reversal of the judgment, but, as several of them present substantially the same question, we shall not discuss each of them, but only the questions believed necessary to a disposition of the case.

It is urged that the submission of special issue No. 1 was error because it submitted a different contract from that testified to by appellee, for in that the issue required the jury to find whether the conveyance by appellee to appellant of the warehouse property was made under an agreement that, if the property was sold within one year from the date of the reconveyance, appellant was to pay to appellee the difference between the amount evidenced by the notes, interest, taxes, and insurance thereon, and the sale price of said property; whereas appellee testified to the effect that he reconveyed the warehouse property back to appellant under an oral agreement that, if he (appellee) procured a resale of the property within one year, then in that event appellant was to pay him the difference between the debt he owed appellant, that is, the notes, interest on same, and taxes and insurance on the property, and the sale price of the property on said resale. As stated, it is insisted that the issue submits an entirely different contract from that pleaded and proved by appellee—that the contract pleaded was that appellee was to receive the excess the property brought on resale over and above his indebtedness in the event of a sale of the property; while the evidence disclosed that he was to receive the amount agreed upon if he (appellee himself) sold the property within the time allowed.

■■ It is elementary that in a suit to recover upon one contract judgment may

not be had upon proof of another or different contract. But we do not believe there is any substantial merit in the contention here made. The substance and effect of appellee's pleading has hereinbefore been stated. We think that, when considered as a whole and given the benefit of all reasonable intendments to which it is entitled, it affords a sufficient basis for the issue submitted. The all-material fact contained in the oral agreement or contract between the parties, alleged by appellee and found by the jury, was that, if a sale of the warehouse property was made within one year after it was reconveyed to appellant by appellee, then appellant should pay to appellee the difference between his debt to appellant and the price received by appellant on the resale .of the property. The sale of the property, whether made by appellee or appellant, within the agreed period of time, was a sale of the property, and that was the thing—the event—agreed upon by the parties, the happening of which matured appellee's right to recover. That was the sense of the agreement between the parties, and is the justice of the transactions between them. The issue was a substantial submission of the matter pleaded and proved, and the contention is overruled. Farmers' State Bank v. Home Refinery (Tex. Com. App.) 3 S.W.(2d) 65.

■ The next contention is that appellant was entitled to judgment because appellee's cause of action was barred by the 2-year statute of limitation (Vernon's Ann. Civ. St. art. 5526). It is insisted that appellee's cause of action, if any he had, arose on August 24, 1923, the date of the resale of the property, and that the suit was not instituted until August 31, 1925, more than 2 years after the day of the resale of the property. We think this contention should be overruled for two reasons:

(a) The contract of sale by which W. M. Gould agreed to purchase the property from A. M. Chambers was dated August 22, 1923, but was not acknowledged until August 24, 1923. This contract, however, as we construe it, by its terms did not become effective until September 1, 1923, because it contained a provision that on that date Gould should execute his notes to Chambers in payment for the property, and Chambers was then to execute a deed to Gould. The sale was thus not consummated until the execution of the notes and the deed, and the suit, having been filed August 31, 1925, was before the expiration of 2 years from the date the sale was completed. In fact, Chambers so admitted. In answer to the question: "When was the trade made with Mr. Gould?" he answered, "On September 1, 1923."

(b) It appears from the record (the testimony of appellee) that appellant .did not repudiate his obligation under the oral contract alleged by appellee and found by · the jury until some 30 days after the resale to Gould of the property, and so, if it be held that recovery was had on the theory that Chambers was trustee, limitation would not begin to run until the date he repudiated his trust.

■ The fourth point urges that the answer of the jury to special Issue No. 2 (finding that appellee was the procuring cause of the sale of the property from appellant to Gould) was wholly immaterial and insufficient upon which to predicate a judgment in favor of appellee, because there was no finding by the jury that there was a contract between appellant and appellee that appellee was to receive all excess that the property brought on resale over the indebtedness of appellee to appellant, if such resale was brought about by his efforts. This point is stated in appellant's brief to be based upon the "5th Assignment of Error." An inspection of the fifth assignment of error in the back of the brief discloses that it complains that the court erred in not granting appellant's motion for a new trial because special issue No. 1, submitted and answered by the jury, was immaterial and insufficient to support a judgment for appellee, as there was no pleading on which to base the issue. It is seen that the point urged is based upon an entirely different matter to that briefed, and so should not be considered. But, if it had been urged in consonance with assignment 5, it would have been without merit, because we have held that special issue No. 1 did have basis in the pleadings, and the jury's answer thereto did find the contract insisted by appellant not to have existed.

■ The seventh point presented is that the judgment was contrary to the law and finds no support in the evidence, for in that the only contract testified to by appellee constituted an affirmative cause of action which was not submitted to the jury, nor was it requested to be submitted, and hence was waived, and the court had no right to make any implied finding

thereon in favor of appellee. This assignment is not followed by any statement from the record, or citation of authorities, or argument, as required by the rules for briefing, and therefore will not be considered.

By various assignments, appellant contends that there was no legal evidence raising the issue submitted in special issue No. 1, and the submission of same was error, and that the court should have set aside the verdict and judgment because there was no legal or competent evidence to sustain the finding of the jury in answer to said issue, in that the evidence raising said issue was based upon a parol contract which varied and contradicted the terms of a deed absolute upon its face which was duly executed and delivered by appellee to appellant. In other words, the contention is that, as the deed from appellee conveying the property to appellant was absolute and unconditional on its face, parol evidence of the agreement and contract pleaded by appellee was not admissible because it would vary the terms of the deed. Numerous cases are cited us as sustaining appellant's contention. These decisions are that, when a conveyance is made from a grantor to a grantee direct, without the intervention of a third party, oral agreements that the title to the land conveyed shall not vest are not effective and not enforceable, but that title immediately vests. We have no cavil with this rule, but, under the facts as alleged by appellee and found by the jury, we do not believe the rule applies, for the reason that appellee's suit was not for the purpose of setting aside the deed and recovering the land, but only for a money judgment for his alleged equity in the land. His prayer nowhere seeks to annul the deed or to recover any portion of the land by it conveyed. According to the allegations of appellee, abundantly supported by the record, appellant sold the warehouse property in question for a consideration of $12,000, and received in part payment farm property at an agreed valuation of $3,000. The remainder of the consideration of $9,000 was represented by appellee's eighteen promissory vendor lien notes, each for $500, one to be paid annually. Upon the conclusion of the deal, after all instruments had been executed and delivered, appellee took possession of the warehouse property, resided upon same as his home, and conducted his business there. Later finding he would not be able to make payment of the notes as they fell due, in order to better secure appellant in the payment of the debt, and to protect appellee's equity in the property, which was at the very least the sum of $3,000 represented by the agreed valuation of the farm property which had been conveyed to appellant, it was orally agreed between the parties that appellee would reconvey the warehouse property to appellant with the understanding that, if it was sold within twelve months from the date of its reconveyance, appellee should receive all over and above the debt appellee owed appellant the property brought on the resale. The reconveyance of the property was secured by appellant on this promise, and was resold within the year, and for $3,000 more than appellee's debt to appellant. Appellant refusing to carry out his agreement to pay appellee the overplus, appellee brought this suit to recover a money judgment for same. The parol evidence rule is not involved, and our courts, in the exercise of their equity powers, have uniformly recognized the right to maintain suits such as here. Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536; Walker v. Mitchell (Tex. Com. App.) 255 S. W. 1106.

All assignments that the findings of the jury are contrary to, and have not sufficient support in, the evidence, are overruled. We think the evidence abundantly supports the finding.

No reversible error appearing, the judgment should be in all things affirmed, and it is so ordered.

Affirmed.