GEORGE A. BERMAN *vs.* MAX GELLER.

Essex. January 31, 1950. — March 1, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, What constitutes, For sale of real estate. *Evidence*, Extrinsic
affecting writing.

An oral agreement, made by the parties to a formal contract of sale and
purchase of real estate before the execution of that contract and to
the effect that, if the purchaser, after he obtained title, should sell the
property for a price in excess of a certain sum, the parties would "split
the excess," became merged in the formal contract, which included no
reference thereto, and could not be the basis of an action by the seller
against the purchaser upon his resale of the property for a price re-
sulting in such "excess."

CONTRACT. Writ in the District Court of Lawrence dated
January 16, 1947.

Upon removal to the Superior Court, the action was tried
before *Morton*, J.

In this court the case was submitted on briefs.

*M. A. Cregg*, for the defendant.

*S. C. Struffolino & M. Nicholson*, for the plaintiff.

WILKINS, J. The parties were dealers in real estate. The
plaintiff owned a parcel of land which the defendant desired
to buy. The asking price was $7,500, and the defendant
offered $6,500. There was evidence that the plaintiff said,
"I will let you have it at $6,500 providing, if you sell it for

more than $7,000, we will split the excess," and the defendant assented.

A written agreement dated November 30, 1946, was then executed, which is set forth in a footnote,[1] calling for a purchase price of $6,500 against a quitclaim deed conveying title free of all encumbrances.   There was evidence that before the deed was executed, the plaintiff said, "Now remember, Max, if you sell this property for more than $7,000, you owe me half," and the defendant answered, "Yes." The deed was executed and delivered, and soon thereafter the defendant sold the property for $7,800.

In this action, on an oral contract to recover one half of the excess over $7,000, there was a verdict for the plaintiff, and we have to decide whether that oral contract was an independent collateral agreement or was merged either in the written agreement of sale, or in the deed.   The questions are fully raised by the defendant's exception to the denial of his motion for a directed verdict, and nothing is added by his exceptions to the admission of evidence.   *Mears* v. *Smith*, 199 Mass. 319, 322.   *Butterick Publishing Co.* v. *Fisher*, 203 Mass. 122, 132–133.   *Kavanaugh* v. *Johnson*, 290 Mass. 587, 593.   *Norfolk County Trust Co.* v. *Green*, 304 Mass. 406, 408–409.

We are of opinion that the oral contract was not merged in the deed but was merged in the written agreement of sale.

The quitclaim deed, in statute form, contained no allusion to the oral contract.   It is well settled that recital of

[1] "This agreement made this 30th day of November, 1946, by and between George A. Berman of Lawrence, Massachusetts, party of the first part and Max Geller of said Lawrence, party of the second part  To wit: The party of the first part agrees to sell and the party of the second part agrees to purchase a certain parcel of property with buildings thereon situated No. 22 Oregon Avenue, Lawrence, Mass. under the following terms and conditions: #1.   The purchase price is to be sixty-five hundred dollars ($6,500) of which one hundred dollars ($100) has been paid this date as a deposit and part payment, the receipt of which is hereby acknowledged and the balance of sixty-four hundred dollars ($6,400) is to be paid in cash on delivery of a good and sufficient quitclaim deed of the party of the first part, conveying a good and clear title to the premises free and clear from all encumbrances.   #2. Taxes, insurance, rents, and water to be apportioned as of the delivery of the deed.   #3. Title to be passed on or before thirty days from this date.   In witness whereof, the parties hereto and to another instrument of like tenor set their hands and seals this 30th day of November, 1946.   Max Geller (L.S.) Geo. A. Berman (L.S.)"

consideration in a deed may be rebutted by parol testimony. *Clark* v. *Deshon*, 12 Cush. 589. *Soule* v. *Soule*, 157 Mass. 451, 454. *Hill* v. *Whidden*, 158 Mass. 267, 274. In *Farquhar* v. *Farquhar*, 194 Mass. 400, a written contract for the sale of a business at a fixed sum was not allowed to be contradicted by proof of an agreement to sell for another sum. At page 405, it was said, "The reason why the statement of the consideration in a deed is not conclusive is because it is not the purpose of a deed to set forth the agreement of the parties as to the price paid for the thing conveyed. The statement in a deed of the consideration for the conveyance thereby made is a reference to a fact, not the statement of a contract. . . . The rule that the consideration in a deed is not conclusive throws the parties back on the contract in pursuance of which the deed was given." That contract in the case at bar is the written agreement of November 30, 1946. In the *Farquhar* case it was also said, "A party to a written contract can no more contradict that contract as to the price to be paid than he can contradict it as to the thing sold" (page 405).

The written agreement of November 30, 1946, is formally drawn, and sets forth the price as $6,500, of which $100 has been paid, and the balance is to be paid on delivery of the deed  It contains all that is necessary for a sale of real estate. There is an adequate reference to the property, a description of the kind of deed, a date for performance, and a provision for adjustments. It is reasonable to believe that had the parties intended to bind themselves to the arrangement contended for here, such a provision would be found in the written agreement, and would not naturally be made as a separate agreement. Restatement: Contracts, § 240. We are of opinion that the case falls within the rule stated in *Glackin* v. *Bennett*, 226 Mass. 316, 319–320, "where a writing shows on its face that it includes the whole agreement of the parties and comprises all that is necessary to constitute a contract, it is presumed that they have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final

statement of the whole transaction. And all their stipulations relating to its subject matter are to be found within the written instrument.'' *Kilroy* v. *Schimmel*, 243 Mass. 262, 267. *State Street Trust Co.* v. *Hall*, 311 Mass. 299, 306. *Kerwin* v. *Donaghy*, 317 Mass. 559, 567–568. *Freeman* v. *Sieve*, 323 Mass. 652, 654.

Many cases relied upon by the plaintiff are authorities for the proposition that a recital of consideration in a deed may be contradicted or added to by proof of a prior oral agreement but not for the proposition that there may be a contradiction of or addition to a statement of the consideration in a written contract complete upon its face. *Lapham* v. *Whipple*, 8 Met. 59, 60–61. *Clark* v. *Deshon*, 12 Cush. 589. *Thomas* v. *Barker*, 37 Ala. 392. *Raub* v. *Barbour*, 6 Mackey, 245, 253. See *Michael v. Foil*, 100 N. C. 178, 188; *Chambers* v. *Riggs*, 86 S. W. (2d) 518, 522 (Tex. Civ. App.); *Soderlund* v. *Puget Mill Co.* 145 Wash. 477. See also *Pfeiffer* v. *Nienaber*, 143 La. 602. Compare *Brown* v. *Hobbs*, 147 N. C. 73. In the circumstances, such cases as *Durkin* v. *Cobleigh*, 156 Mass. 108, 110, and *McClintic-Marshall Co.* v. *Freedman*, 274 Mass. 558, 563, relating to an independent collateral agreement, do not aid the plaintiff. *Munde* v. *Lambie*, 122 Mass. 336. *Graffam* v. *Pierce*, 143 Mass. 386, 388. *Pybus* v. *Grasso*, 317 Mass. 716, 719. Wigmore, Evidence (3d ed.) §§ 2433, 2435.

It has not been argued that the conversation immediately prior to the execution of the deed was an amendment of the written agreement. A sufficient answer to that argument would be that there would be no consideration for such a promise which merely would give the plaintiff a right and subject the defendant to a burden which did not previously exist. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 194–195. *Torrey* v. *Adams*, 254 Mass. 22, 27–28. *Fienberg* v. *Adelman*, 260 Mass. 143. *DeBlois* v. *Boylston & Tremont Corp.* 281 Mass. 498, 509. *Bailey* v. *First Realty Co.* 305 Mass. 306, 309. *Michael Chevrolet, Inc.* v. *Institution for Savings*, 321 Mass. 215, 218. *Frankfurt-Barnett Co.* v. *William Prym Co. Ltd.* 237 Fed. 21, 30 (C. C. A. 2). *Cuneo*

*Press, Inc.* v. *Claybourn Corp.* 90 Fed. (2d) 233, 235–236 (C. C. A. 7). Williston, Contracts (Rev. ed.) §§ 130, 130A, 1826. But see *Swartz* v. *Lieberman*, 323 Mass. 109, 112-113.

*Exceptions sustained.*

*Judgment for the defendant.*