ELLEN RAE BRESSEL[1] *vs.* DIANE C. JOLICOEUR & others.[2]

No. 91-P-877.

Norfolk. December 17, 1992. - March 11, 1993.

Present: PERRETTA, PORADA, & IRELAND, JJ.

*Deed*, Consideration, Acceptance. *Evidence*, Extrinsic affecting writing.
*Contract*, Sale of real estate. *Practice, Civil*, Judgment notwithstanding
verdict, New trial, Findings by judge. *Consumer Protection Act*, Unfair
act or practice.

Amendment of G. L. c. 183, § 6, by St. 1969, c. 497, requiring the recital
of consideration for the conveyance of real property to be stated in a
deed, did not preclude the introduction of extrinsic evidence by the
seller of certain real property, based on the parties' purchase and sale
agreement, to contradict the consideration recited in the deed. [208-
209]

A claim by the seller of certain real property that the buyers owed her
additional money as part of the purchase price for property she sold
them was not barred by the buyers' acceptance of a deed providing that
"[t]he acceptance of a deed by the Buyer . . . shall be deemed to be a
full performance and discharge of every agreement and obligation
herein contained or expressed, except such as are, by the terms hereof,
to be performed after the delivery of said deed." [209]

In a contract action in which the seller of certain real property claimed the
buyers owed her additional money as part of the purchase price for the
property sold, the buyers' motion for judgment notwithstanding the ver-
dict was properly denied, where the jury were warranted in concluding
that it was the intent of the parties that the buyers would pay the seller
the additional sum for the property so long as the property could be
divided into two buildable lots, and that after a proposed zoning ordi-
nance to increase lot size requirements was defeated but before the real
estate closing the buyers hired an architect to build two houses on the
seller's property; furthermore, the judge did not abuse his discretion in
denying the buyers' motion for a new trial where, based on all the evi-
dence presented, the judge could properly conclude that the verdict was
not against the weight of the evidence. [210]

On a claim by the seller of certain real property for violation of G. L. c.
93A, decided by a judge who found for the buyers, the judge's findings
that the seller had failed to prove the existence of an amended agree-

[1]Trustee of a family trust.
[2]Paul R. Jolicoeur and DCJ Management, Inc.

ment in which the buyers allegedly agreed to pay additional money, and that the buyers did not commit a breach of the parties' purchase and sale agreement (while contrary to a jury's verdict on the seller's contract claim) were not clearly erroneous; moreover, inasmuch as the seller's demand letter made no reference to her claim of misrepresentation, she was foreclosed as matter of law from seeking relief under G. L. c. 93A on that basis. [210-211]

CIVIL ACTION commenced in the Superior Court Department on October 11, 1988.

The case was tried before *Patrick J. King*, J., and motions for a new trial were heard by him.

*Carl K. King* (*Donnalyn B. Lynch Kahn* with him) for the defendants.

*Richard F. Benway* (*Sharon M. Harrington* with him) for the plaintiff.

PORADA, J. Claiming that the defendants owed her an additional $60,000 as part of the purchase price for property she sold to them in Marblehead, the plaintiff brought an action in the Superior Court for breach of contract and for violation of G. L. c. 93A. The contract claim was decided by a jury, who rendered a verdict of $60,000 for the plaintiff, and the c. 93A claim was decided by the judge, who found for the defendants. On appeal from the judgment against them on the contract claim, the defendants argue that the judge erred (1) in denying their motion for judgment notwithstanding the verdict on the grounds that the consideration set forth in the deed and their acceptance of the deed precluded any claim for a different consideration based on the purchase and sale agreement and that the evidence was insufficient as matter of law to support a verdict for the plaintiff; and (2) in denying their motion for a new trial on the ground that the verdict was against the weight of the evidence. The plaintiff appeals from the judgment on the c. 93A claim in favor of the defendants, asserting that the judge's findings are clearly erroneous. We affirm both judgments.

We summarize the pertinent material facts which are undisputed. The plaintiff owned a single-family residence at 10 Walnut Street in Marblehead. The house was located on a

lot which contained 10,000 square feet and had 100 feet of street frontage. Under the applicable Marblehead zoning by-law, a buildable lot required 5,000 square feet in land area and fifty feet in street frontage. Because the house was located in the middle of the lot, one could not subdivide the property into two buildable lots of 5,000 square feet without moving or razing the house.

The defendants were real estate developers. On March 21, 1986, they entered into a purchase and sale agreement with the plaintiff to buy her property at 10 Walnut Street in Marblehead. The agreement provided that the purchase price for the property was $410,000, but contained the following provision: "In the event this property cannot be divided into two buildable lots, wherever the building is located thereon, the sale price shall be reduced to Three Hundred Fifty Thousand ($350,000) Dollars."

When the agreement was executed, the parties were aware that there was a proposed zoning amendment awaiting town meeting action to increase the minimum square footage for a buildable lot to 7,500 square feet, which if passed would apply to this property. This proposed amendment was rejected by the town in May. The closing was set for June 11, 1986.

At the closing a dispute over the purchase price to be paid erupted among the parties. The defendants asserted that the purchase price for the property was $350,000 based upon the purchase and sales agreement, which they interpreted to call for a payment of $410,000 only if they received the house on a conforming lot with an additional buildable lot. The defendants refused to execute an agreement prepared by plaintiff's counsel which provided that, in the event the defendants moved the house onto one lot and sold or built upon the other lot, they would have to make an additional payment of $60,000 to the plaintiff. When the defendants refused to sign the agreement, the plaintiff, who had a contract to purchase other property, proceeded with the closing with the announcement that she would sign and execute the deed, which recited the consideration for the conveyance as $350,000, and sue for the additional $60,000 if the defendants tore

down or moved the house. When the defendants tore the house down and proceeded to construct two new homes on lots of 5,000 square feet, this suit was commenced.

We address first the defendants' claims of error.

1. *Deed recital of consideration.* The defendant contends that the amendment of G. L. c. 183, § 6, by St. 1969, c. 497,[3] which requires the recital of consideration for the conveyance to be stated in a deed, precludes the introduction of extrinsic evidence to contradict the consideration recited therein. There is nothing, however, in the statute to suggest that this requirement was intended to change the well-established rule in this Commonwealth "that the recital of a consideration in a deed does not preclude either party from showing an additional consideration." *DeAngelis* v. *Palladino,* 318 Mass. 251, 256 (1945), quoting from *Hill* v. *Whidden,* 158 Mass. 267, 274 (1893). The reasoning behind the rule is that it is not the purpose of a deed to set forth the price paid for the property conveyed, for that purpose is accomplished by the contract in pursuance of which the deed was given. *Farquhar* v. *Farquhar,* 194 Mass. 400, 405 (1907). *Berman* v. *Geller,* 325 Mass. 377, 379 (1950). The statute does not appear to have changed the reason for the rule. Indeed, it specifically provides that the failure to comply with its provisions shall not affect the validity of any deed. See *Hahn* v. *Planning Bd. of Stoughton,* 24 Mass. App. Ct. 553, 557 (1987). Moreover, since the statute sets forth the information that must appear on the deed for recording purposes and is specifically addressed to the register of deeds, we conclude that the likely purpose of requiring the

---

[3]General Laws c. 183, § 6, as so amended, provides, in pertinent part, as follows: "Every deed presented for record shall contain or have endorsed upon it . . . a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section."

deed to set forth the consideration paid was to aid in collecting the deed excise tax due, see G. L. c. 64D, § 1, rather than to make the recital of consideration in a deed conclusive.

2. *Acceptance of deed clause.* The defendants contend that their motion for judgment notwithstanding the verdict should have been allowed because once the deed was accepted all of their obligations under the purchase and sale agreement were merged in the deed pursuant to the acceptance clause in the purchase and sale agreement. The "acceptance clause" provided that "[t]he acceptance of a deed by the Buyer . . . shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed." This clause, however, merely expresses the general rule prevailing at common law that the acceptance of a deed discharges the contractual duties of a *seller* under a purchase and sale agreement except for those undertakings which are embodied in the deed itself or which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given. *Pedersen* v. *Leahy*, 397 Mass. 689, 691-692 (1986). See *Pybus* v. *Grasso*, 317 Mass. 716, 717-719 (1945). Park, Real Estate Law § 963 (2d ed. 1981). The general rule appears to be inapplicable to the obligations of a buyer. *Pybus* v. *Grasso*, 317 Mass. at 718. See *Schrank* v. *County Sav. Bank*, 298 Mass. 30, 33-34 (1937)(provision in agreement that acceptance of a deed and possession by the buyer shall be deemed to be a full performance and discharge of the agreement construed to refer only to performance by the seller or *to those obligations of both parties to be performed before conveyance*). See also *Berman* v. *Geller*, 325 Mass. 377, 377-379 (1950)(prior oral agreement to split proceeds in excess of a certain amount upon resale of the property not merged in the deed). We therefore conclude that the defendants' acceptance of a deed did not bar the plaintiff's claim for additional compensation.

3. *Sufficiency of the evidence.* The defendants claim that the evidence was insufficient to withstand their motion for judgment notwithstanding the verdict and their motion for a new trial. Viewing the evidence most favorably to the plaintiff and disregarding that favorable to the defendant, *McAvoy* v. *Shufrin*, 401 Mass. 593, 596 (1988), we conclude that the motion for judgment notwithstanding the verdict was properly denied. From the evidence presented, the jury could conclude that it was the intent of the parties that the defendants would pay the plaintiff the sum of $410,000 for the property so long as the property could be divided into two buildable lots, either by razing the existing house on the property or by moving it onto one lot of 5,000 square feet with fifty feet of street frontage. This conclusion is supported by (1) the language of the purchase and sale agreement, (2) the evidence that at the time the purchase and sale agreement was executed, the parties were aware that there was pending before the town meeting a proposed zoning ordinance to increase the lot size requirement to 7,500 square feet and the frontage requirement to seventy-five feet, and (3) that after this proposed zoning ordinance was defeated but before the closing, the defendants hired an architect to build two houses on the plaintiff's property.

We also conclude that the judge did not abuse his discretion in denying the motion for a new trial. Based on all the evidence presented, the judge could properly conclude that the verdict was not against the weight of the evidence. *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 802 (1987).

4. *General Laws c. 93A claim.* The plaintiff argues that the judge erred in concluding that the defendants did not commit an unfair or deceptive act under G. L. c. 93A. The plaintiff asserts on appeal that the defendants violated G. L. c. 93A by entering into the original agreement to pay her $410,000 but never intending to perform it; by failing to pay her $60,000 under an amendment to that agreement wherein the defendants allegedly agreed to pay this sum if they subdivided the lot; and by misrepresenting their intentions about

the removal of the existing house on the premises. The judge's decision focused on the plaintiff's claim that the defendants entered into an amended agreement with the plaintiff to pay the additional $60,000. The judge found that the plaintiff had failed to prove the existence of an amended agreement. This finding was not clearly erroneous. See *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 578 n.13 (1986)(judge's findings on G. L. c. 93A claim are not disturbed unless clearly erroneous). He also found that the defendants did not commit a breach of the parties' purchase and sale agreement. While this finding was contrary to the jury's verdict, the judge was not constrained by the jury verdict, *Chamberlayne Sch. & Chamberlayne Junior College* v. *Banker*, 30 Mass. App. Ct. 346, 354-355 (1991), and the finding was not clearly erroneous. Finally, the plaintiff's claim that the defendants misrepresented their intentions not to demolish the house on the lot was not specifically addressed by the judge in his findings. We note, however, that the demand letter makes no reference to this particular act which the plaintiff now relies upon as a violation of c. 93A. Accordingly, her right to relief on this basis is foreclosed as matter of law. *Entrialgo* v. *Twin City Dodge*, 368 Mass. 812, 813 (1975). *Spring* v. *Geriatric Authy. of Holyoke*, 394 Mass. 274, 287 (1985).

In sum, we conclude that the judge did not err in concluding that the defendants did not violate G. L. c. 93A.

*Judgments affirmed.*