Aguiar, J.
This appeal raises the issue of whether the Court erred in not finding that the defendant, Trust Insurance Company violated M.G.L.c. 93A by refusing in bad faith to negotiate meaningfully to effectuate a prompt and fair settlement of plaintiffs’ claim, with reason to know that said actions were unfair.
We find no error.
Ana Fernandes was involved in an auto accident, on Sept. 22, 1992, with the defendant, Aaron Waskiewicz. At the time of the accident, Ana Fernandes was a passenger in an automobile owned and operated by Maria Mendonca. At the time of the accident Aaron Waskiewicz maintained a contract of insurance with Trust Insurance Company.
Aaron Waskiewicz was charged with operating to endanger. Ana Fernandes was injured and incurred medical expenses in the amount of $2,591.37 and lost wages in the amount of $4,813.20.
Plaintiffs’ attorney demanded $25,000 to settle the case on April 30, 1993. The attorney for Trust Insurance Company made an offer of $3,000. The policy limit was $15,000. Trust Insurance Company claimed that Aetna, Maria Mendonca’s insurer was responsible for 50% of the damages, and evaluated the claim at $8,000 and increased their offer to settle to $4,000 after receiving a c. 93A demand letter dated June 23,1993.
The attorney for the plaintiffs threatened the adjuster, Marisa Callanan and the president, Craig Bradley of Trust Insurance Company, with court action if they did not meet his demands which never changed.
On September 22,1993, plaintiffs’ attorney filed two law suits; one against Aaron Waskiewicz for negligence, and one against Trust Insurance Company for violations of Chapters 93A and 176D.
At the call of the list for trial and after the case had been evaluated by a judge at $15,000, Trust Insurance Company offered the full amount of the policy, $15,000, and a Separate and Final agreement was issued by the Court. Ana Fernandes released only the claim against Aaron Waskiewicz.
In the suit against Trust Insurance Company, the plaintiffs claim that Trust Insurance violated Chapter 93A in bad faith by refusing to negotiate meaningfully to effectuate a fair settlement of plaintiffs’ claim, and by employing deceptive tactics in misconstruing the concept of joint liability in their favor.
*156 The trial court found for the defendant, Trust Insurance Company. The Court found that Marisa Callanan’s understanding of the law regarding joint tortfeasors and passengers to be incorrect but did not find said misunderstanding of the law to be in bad faith or deceptive. The court further found that all of the negotiations by the defendant Trust Insurance Company were made in good faith and without any intent to deceive, and that the entire case was a typical “run of the mill matter.”
Plaintiffs argue that the trial court’s decision should be reversed and double damages awarded because the judge made erroneous findings of fact which are contrary to the weight of the evidence.
We find no error.
The Court will not disturb a judge’s findings of fact in a Chapter 93A claim unless those findings are clearly erroneous. Bressel v. Joliceur, 34 Mass. App. Ct. 205, 211, 609 N.E.2d 94 (1993). See also Parker v. D’Avolio, 40 Mass. App. Ct. 394, 402 (1996) which holds that bad judgment is not bad faith.
The trial judge as a trier of fact should only be reversed when there is an abuse of discretion. He had the opportunity and ability to evaluate the credibility and the sincerity of the witnesses. Due weight should be accorded his decision on the facts. We find there was no abuse of discretion. The plaintiffs held steadfast on their claim of $25,000. Plaintiffs’ attorney threatened tíre defendants’ agents personally if they did not meet his demands. This did not help the ongoing negotiations.
The question as to whether the insurance company refused in bad faith to negotiate a prompt and fair settlement of the plaintiffs’ claim is a question of fact. While disparity between the amount offered by the insurer and the demand of the plaintiffs may be a factor to be considered in deciding the issue of bad faith, it is not determinative of the issue. The trial judge declined to award multiple damages pursuant to G.L.c. 93A even though such a finding might have been made on the evidence.
We find no error. The appeal is dismissed.