Fremont-Smith,
J. This matter is presently before the court on plaintiffs motion to amend the complaint, defendant’s motion for summary judgment, defendant’s motion to dismiss, defendant’s motion to stay discovery, and plaintiffs motion to strike affidavit. For the following reasons, defendant’s motion to *516 dismiss is ALLOWED and plaintiffs motion to amend the complaint is DENIED. In light of the court’s dismissal of the action without leave to amend, the Court need not reach the merits of the other pending mo-hons.
BACKGROUND
This matter arises out of an underlying personal injury claim brought by the plaintiff, Judith Logan (“Logan”) against Frederick Aramony (“Aramony”), an insured of defendant Arbella Mutual Insurance Company (“Arbella”), based upon a motor vehicle accident which occurred on December 18, 1996. Logan and her husband, Robert Logan filed suit for personal injuries and loss of consortium due to the alleged negligence of Aramony. The underlying claim was settled by Arbella after the plaintiff commenced this action against Arbella for unfair settlement practices in violation of G.L.c. 93A and G.L.c. 176D. In support of the complaint, the plaintiff attached a letter to the defendant dated October 6, 1997 which the plaintiff contends qualifies as a adequate demand letter pursuant to G.L.c. 93A, §9. The defendant now moves to dismiss the complaint on the grounds that the letter relied upon by the plaintiff, as well as additional correspondence between the parties which plaintiff seeks to add by way of amendment, do not satisfy the requirements of G.L.c. 93A.
DISCUSSION
As a prerequisite to filing a suit under G.L.c. 93A, §9, a plaintiff must send a demand letter which the plaintiff must allege in the complaint and prove. See G.L.c. 93A. The statute requires the plaintiff to send the letter at least thirty days prior to the suit, id. which must identify the claimant, reasonably describe the unfair or deceptive practice and the injury suffered. See G.L.c. 93A, §9(3). Additionally, the Supreme Judicial Court has enumerated six factors, at least one of which must be contained in a letter in order to qualify it as a proper demand pursuant to c. 93A: 1) express reference to c. 93A; 2) express reference to the Consumer Protection Act; 3) an assertion that the rights of the claimants as consumers have been violated; 4) an assertion that the defendant has acted in an unfair or deceptive manner; 5) a reference that the claimants anticipate a settlement offer within thirty days; or 6) an assertion that the claimant will seek multiple damages and legal fees. Cassano v. Gogos, 20 Mass.App.Ct. 348, 350 (1985). Moreover, it is essential that the complainant define the injury suffered and the relief demanded in a manner that provides the prospective defendant with “an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied” and enables him to make a reasonable tender of settlement. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 289 (1985) (claimants to “reasonably describe" any activities in their demand letter as to which they seek relief and the injury suffered); Clegg v. Butler, 424 Mass. 413, 423 (1997); Bressel v. Julicoeur, 34 Mass.App.Ct. 205, 211 (1993) (demand letter must set forth the particular acts that are claimed to constitute the offense). See Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 544 (1st Cir. 1993), where the court said:
We agree with the district court that Thorpe’s letter did not satisfy the statute. The Massachusetts courts have said that “[i]t is . . . essential that the complainant define the injuiy suffered and the relief demanded in a manner that provides the prospective defendant with ‘an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied’ and enables him to make ‘a reasonable tender of settlement.’ [1],[1] Given the failure to specify at least the physical injuries claimed, Thorpe’s letter provided no adequate basis for the insurance company to appraise the value of the claim or frame a settlement offer.
The defendant maintains that the letters upon which the plaintiff relies, while alleging a failure to settle for the policy limits where liability is clear, do not contain facts upon which the recipient would be on notice of the basis for the allegation of clear liability. The letters, moreover, while demanding the policy limits, do not indicate the specific injuries allegedly suffered by the plaintiff which form the basis for the amount of damages demanded ($1,250,000).
The plaintiff requests this Court to examine four separate letters sent to the defendant to establish the adequacy of the demand pursuant to G.L.c. 93A. Viewing the facts most favorable to the plaintiff, the Court finds that the first three letters individually and collectively fail to satisfy the requirements of G.L.c. 93A, as outlined by the above cases. While, in the first correspondence forwarded to Arbella, upon which the original complaint was premised, the plaintiff asserts “[T]he facts of this case present a clear case of liability on the part of your insured," the plaintiffs letter fails to elaborate or to set forth any facts upon which the allegation of “clear liability” is based. As for the alleged amount of damages, other than copies of plaintiffs medical bills, no facts as to plaintiffs medical condition which would warrant payment of the demanded policy limits ($1,250,000) were provided. Nor were other sufficient facts provided as to plaintiffs medical condition so as to enable the defendant to intelligently evaluate the case to be able to make a reasonable settlement offer.
Perhaps even more perplexing than the plaintiffs failure to set forth any basis for the extent of defendant’s liability[2] is the plaintiffs concession, in the October 6, 1997 letter, that “this letter ... is not to be construed as an allegation of violations of Chapter 93A and 176D . . .” Again, in plaintiffs December 9, 1997 letter, which incorporates by reference plaintiffs intervening November 6, 1997 letter, the plaintiff again states that the letter is not to be con *517 strued as an allegation of 93A violations.[3] In light of the plaintiffs own express disclaimers, on which defendant was certainly entitled to rely, as well as the lack of the specifics in the letters, the Court is unable to And the letters were clear and adequate notice of a c. 93A demand as required by G.L.c. 93A, §9,[4] and as required by the cases discussed above.
As for the February 16, 1998 demand letter, defendant by this time had received plaintiffs supplemental answers to interrogatories dated December 23, 1997, which identified plaintiffs experts and specified plaintiffs expert testimony regarding her injuries, and this letter further indicates that defendant had also been provided with a “day in the life” video of plaintiff indicating her physical condition. Reading all the letters together, particularly the November 6 letter with the February 16 letter, it is clear that by February 16 the defendant had been provided with sufficient information as to injuries to enable it to make a reasonable settlement offer.[5] The letter makes demand for $500,000 for loss of consortium for her husband, however, and no facts are provided as to the loss of consortium so as to provide any factual basis for the $500,000 demand. Moreover, the entire underlying case, including the loss of consortium claim, was settled (for $750,000) within thirty days of the letter, so that the demand letter became moot before the time to respond had expired. Accordingly, it provided no predicate for this action.
In short, plaintiffs counsel’s barrage of letters and his institution of this suit in February, 1998, which did succeed in effectuating a settlement of the underlying action short of trial, are inadequate to sustain this c. 93A action. As the proposed amendment to the complaint would fail to cure the defect in demand, so would be futile, plaintiffs motion to amend the complaint is denied, and the motion to dismiss is therefore allowed without leave to amend.
ORDER
For the reasons stated above, it is hereby ORDERED that the defendant’s motion to dismiss is ALLOWED, without leave to amend. All other pending motions are denied as moot, in light of the Court’s dismissal of the action, and judgment shall enter for the defendant.

 Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 288, 475 N.E.2d 727, 736 (1985) (quoting Slaney, 366 Mass. at 704-05, 322 N.E.2d at 779).

 See, for example, defendant’s response letter dated December 19, 1997, wherein defendant points out the dearth of medical information provided by plaintiff and plaintiffs refusal, at that time, to permit plaintiff to be examined by defendant’s neurologist and orthopedist.

 Although the December 9 letter states, “this is my second demand for settlement under Chapter 93A . . . ,” it concedes that it "is not to be construed as an allegation violations of c. 93A and 176D.”

 The November 6, 1997 letter, standing alone, might have sufficed as a demand, had it not been undermined by the disclaimer in the December 9 letter. Contrary to plaintiffs contention, however, this would not have entitled plaintiff to twice the amount of the settlement, but only to twice the amount of interest on the settlement for the time period, if any, that payment was unreasonably withheld. See Clegg v. Butler, supra.

 Liability on the underlying case was not in dispute.