Fremont-Smith, Thayer, J.
In this case, the plaintiff, who was rear-ended in a motor vehicle accident, alleged that the defendants’ insurer, Commerce Insurance Company, violated G.L.c. 176D and G.L.c. 93A *185 by not making a reasonable offer of settlement. The company had offered $1,500.00 and the jury, although finding that defendant was negligent, also found that the accident caused the plaintiff no damages, resulting in a defendant’s verdict.
One who moves for summary judgment bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In reviewing a motion for summary judgment, the duty of the trial judge is not to conduct a trial by affidavit or by other supporting material, but to determine whether there is a substantial issue of fact. Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass.App.Ct. 723, 726 (1979).
[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party has no reasonable expectation of proving an essential element of that party’s case. To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s claim.
Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party sufficiently establishes no genuine issue of material fact exists, the burden shifts to the opposing party to demonstrate, with admissible evidence, the existence of a dispute as to material facts Id., at 711. The party opposing summary judgment may not satisfy that burden through “vague and general allegations of expected proof.” Albre Marble and Tile Co., Inc. v. John Bowen Co., Inc., 338 Mass. 394, 397 (1959). Rather, the non-moving party must set forth specific facts that create a genuine triable issue of fact. O’Brian, Russel & Co. v. LeMay, 370 Mass. 243, 245 (1979).
M.G.L.c. 176D
M.G.L.c. 176D “prohibits certain acts by insurers related to the investigation, settlement and payment of claims.” U.S. ex rel Metric Elec., Inc. v. Enviroserve, Inc., 301 F.Sup.2d 56, 69 (D.Mass. 2003). Specifically, M.G.L.c. 176D, Section (f) deems unfair the failure to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. M.G.L.c. 176D, §3(0. Although there is no private cause of action under M.G.L.c. 176D, violations also violate M.G.L.c. 93A, §2, which bars unfair and deceptive acts in relation to commerce and trade. En-viroserve, supra, at 69.
Liability Was Not Reasonably Clear
M.G.L.c. 176D requires an insurance agency to effectuate a settlement offer only when the liability of its insured is reasonably clear. M.G.L.c. 176D, §3(0. Clegg v. Butler, 424 Mass. 413, 418 (1997). The term “liability,” however, as interpreted in Clegg, encompasses both fault and damages. Id. Consequently, liability cannot be considered reasonably clear where there is a good faith dispute as to either fault or damages. Id.
Commerce does not dispute that its insured, the defendant, who rear-ended the plaintiff, was at fault. Commerce does contend, however, that it was not reasonably clear that defendant’s negligence caused Lanton’s alleged injuries.
The relevant accident occurred in January 2005. There was only slight damage to plaintiffs car when it was rear-ended, and no one claimed any injury at the accident scene. Lanton’s insurance agent contacted Commerce in April 2005, notifying Commerce of the insurance claim, but the first time Commerce learned of Lanton’s intent to bring a personal injury claim was in June 2005, five months after the accident, when plaintiff first sought medical treatment. The June 2005 MRI report, moreover, while indicating a tom ligament, also indicated “long-term degeneration.” When Commerce requested that Lanton produce pre-accident medical records to ascertain the existence of any pre-existing injury, plaintiff objected on grounds of privacy.
Viewing the above undisputed facts in the light most favorable to the nonmoving party, the Court concludes that liability with respect to damages was not reasonably clear, so that Commerce’s failure to make a more substantial settlement offer in the circumstances did not violate M.G.L.c. 176D.
Commerce’s Settlement Offer Was Reasonable in Any Event
The language of M.G.L.c. 176D defines a duty of insurers to make “prompt, fair and equitable” settlement offers only when liability is reasonably clear. Clegg, 424 Mass, at 415. Even had Commerce been under an obligation to make a settlement offer to Lanton, it made an offer of $1,500, which was more than the amount awarded by the jury, which awarded no damages at all. In light of these undisputed facts, this settlement offer was on its face, reasonable. Bobick v. U.S. Fidelity and Guar. Co., 439 Mass. 652, 662 (2003) (offer of settlement was reasonable where it exceeded the amount ultimately awarded by a jury).
Additional Allegations of M.G.L.c. 93A Violation
Lanton further contends that, by failing to concede liability at trial, Commerce violated c. 93A by forcing Lanton to incur additional attorneys fees to prove that Lin was at fault. Quite apart from plaintiffs lack of a showing of any reasonable expectation of proving any measurable damages from this failure to admit an issue which was not contested at trial, M.G.L.c. 93A, §9 does not allow a plaintiff to recover damages for an activity not specified in the plaintiffs demand letter. Bressel v. Jolicoeur, 34 Mass.App.Ct. 205, 211 (1993). *186 See also Clegg, 424 Mass. at 423. In the demand letter, Lanton demanded only that Commerce make a good-faith settlement offer for the accident, which the Court finds that it did. At no time in the demand letter did Lanton specify that Commerce’s not having conceded liability at trial was an alleged c. 93A violation.
ORDER FOR JUDGMENT ON PLAINTIFF’S C. 93A CLAIMS AND FOR FINAL JUDGMENT FOR ALL DEFENDANTS
Accordingly, Commerce’s motion for summary judgment is allowed and final judgment shall be entered for all of the defendants.